Justice Breyer,
with whom Justice Souter joins, dissenting.
I agree with Justice Ginsburg and join her dissent. I write separately to note one additional supporting factor that I believe important. In Arizona v. Evans, 514 U. S. 1 (1995), we held that recordkeeping errors made by a court clerk do not trigger the exclusionary rule, so long as the *158 police reasonably relied upon the court clerk’s recordkeeping. Id., at 14; id., at 16-17 (O’Connor, J., concurring). The rationale for our decision was premised on a distinction between judicial errors and police errors, and we gave several reasons for recognizing that distinction.
First, we noted that “the exclusionary rule was historically designed as a means of deterring police misconduct, not mistakes by court employees.” Id., at 14 (emphasis added). Second, we found “no evidence that court employees are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion.” Id., at 14-15. Third, we recognized that there was “no basis for believing that application of the exclusionary rule ... [would] have a significant effect on court employees responsible for informing the police that a warrant has been quashed. Because court clerks are not adjuncts to the law enforcement team engaged in the often competitive enterprise of ferreting out crime, they have no stake in the outcome of particular criminal prosecutions.” Id., at 15 (citation omitted). Taken together, these reasons explain why police recordkeeping errors should be treated differently than judicial ones.
Other cases applying the “good faith” exception to the exclusionary rule have similarly recognized the distinction between police errors and errors made by others, such as judicial officers or legislatures. See United States v. Leon, 468 U. S. 897 (1984) (police reasonably relied on magistrate’s issuance of warrant); Massachusetts v. Sheppard, 468 U. S. 981 (1984) (same); Illinois v. Krull, 480 U. S. 340 (1987) (police reasonably relied on statute’s constitutionality).
Distinguishing between police recordkeeping errors and judicial ones not only is consistent with our precedent, but also is far easier for courts to administer than the Court’s case-by-case, multifactored inquiry into the degree of police culpability. I therefore would apply the exclusionary rule *159 when police personnel are responsible for a recordkeeping error that results in a Fourth Amendment violation.
The need for a clear line, and the recognition of such a line in our precedent, are further reasons in support of the outcome that Justice Ginsburg’s dissent would reach.